## Anderson v. Commonwealth.

: (Decided June 15, 1917.)

### Appeal from McCracken Circuit Court.

1. **Burglary—Possession of Burglars' Tools—Indictment and Information.**—Where an indictment under section 1159, Kentucky Statutes, for having in possession tools, implements or other things used by burglars for housebreaking, forcing doors, windows, locks and buildings and other places where goods, wares, merchandise or money are kept, charges "the said Polly Pell was using said store house at the time for the purpose of storing and keeping goods, wares, merchandise and money," it was equivalent to a charge that the building was a store house in which goods, wares, merchandise and money were stored and kept at the time, and a demurrer to the indictment was properly overruled.

2. **Burglary—Possession of Burglars' Tools—Peremptory Instruction.**—In a case where one is indicted for having burglar's tools in his possession with burglarious intent, and it appears that he had in his possession and was attempting to use a skelton key to enter a saloon with burglarious intent, the court properly overruled his motion for a peremptory instruction, because a skelton key is such a tool or implement as is contemplated by section 1159, Kentucky Statute.

3. **Criminal Law—Plea of Former Conviction—Evidence.**—The Commonwealth may plead the former conviction of a defendant in a

felony case, under section 1130, Kentucky Statutes, and in a case where the defendant has sustained three previous convictions for felonies and admits the fact, it is unnecessary for the Commonwealth to introduce evidence upon this point, and the jury is warranted in finding him to be an habitual criminal.

F. E. GRAVES and EDGAR T. WASHBURN for appellant.

M. M. LOGAN, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The appellant, Cicero Anderson, was convicted in the McCracken circuit court of the crime of having in his possession burglar's tools with burglarious intention, and the indictment further charges that he had theretofore been convicted in that court on three other different and separate felonies, to-wit: Voluntary manslaughter, shooting and wounding another with intention to kill, and having in his possession burglar's tools and implements.

Upon a trial before a jury the Commonwealth introduced evidence showing that on the night in question, appellant and two companions left a certain saloon in Paducah, about twelve-fifteen o'clock, and went in the direction of the saloon of Polly Pell; that the police officers were suspicious that appellant and his companions were bent on mischief, and were keeping a lookout for them, and engaged other persons to keep a watch on them; that shortly before one o'clock in the night the officers in an automobile drove around the streets to see what had become of appellant and his companions, and on approaching Polly Pell's saloon, saw the bulk of a man immediately in front of the door. The lights on the automobile were turned out; they drove up in front of the saloon and suddenly turned the lights on the door, and discovered appellant, Cicero Anderson, in the act of turning a key in the lock of the door; immediately he fled, and the officers were unable to find him until about five o'clock next morning, when he was arrested in a lumber yard nearby. The key was left in the saloon door, and the officers secured it and produced it on the trial; the key was of a skeleton form, adapted to the manipulation of different locks.

Upon the trial Anderson admitted that he had theretofore been convicted of voluntary manslaughter, maliciously shooting and wounding another with intention to kill, and having burglar tools in his possession with

burglarious intent, three felonies for which he had
served time.

The defense asserts that appellant and his compan-
ions were passing the saloon, and appellant stopped in
front of the door to await his companions, who had gone
around the building to answer a call of nature, and that
he did not go to the door or have the key. To sustain this
he testified in his own behalf and called one of his com-
panions, who testified in substance the same.

The jury returned a verdict finding the defendant
guilty and fixing his punishment at confinement in the
state penitentiary for life, and thereupon appellant filed
motion and grounds for a new trial, which were adjudged
overruled by the court, and from that judgment Anderson
prosecutes this appeal.

Appellant complains that the trial court erred in over-
ruling his demurrer to the indictment, insisting that it
is not sufficiently charged that the building which he is
accused of attempting to open with burglarious intent,
was used as a storehouse in which, at the time, were stored
goods, wares and merchandise. The allegation of the in-
dictment is "the said Polly Pell was using said store-
house at the time for the purpose of storing and keeping
goods, wares and merchandise and money," and was in
effect a charge that the saloon which he was attempting
to enter was a storehouse in which goods, wares, mer-
chandise and money were stored and kept at the time. Un-
doubtedly this was sufficient to apprise the defendant of
the nature of the charge against him, and to enable him
to prepare his defense.

It is also insisted by appellant that the indictment is
defective and insufficient, because the words "skeleton
key" are employed in the first count, whereas the statute
does not include "skeleton key." That part of section
1159, Kentucky Statutes, under consideration reads as
follows:

"If any person shall have or keep in his possession
any tools, implements or other things used by burglars
for housebreaking, forcing doors, windows, locks, or
buildings, or other places where goods, wares or mer-
chandise or money is kept, with the intention of using
the said tools or implements burglariously, shall be con-
fined in the penitentiary not less than two nor more than
ten years."

The words "tools, implements or other things used
by burglars," undoubtedly includes a tool such as a
skeleton key or other implements intended for and used

in opening or forcing doors, locks or buildings. It, therefore, follows that the demurrer was properly overruled.

It is next argued by appellant that the trial court refused to allow him to prove by witnesses called by him, that the key which was found in the door by the officers was only such key as is ordinarily carried by merchants and other business people, and was not in fact a skeleton key, or such as is used or possessed by burglars contemplating burglarious acts. The trial court, however, did allow the key to be introduced in evidence and the jury to see and examine it. Whether it was a skeleton key was plain to be seen.

The defendant had served a term in the penitentiary before for having burglar's tools in his possession with burglarious intent. He had also served two other terms for different crimes. The evidence in this case is overwhelmingly against him. That he was attempting to enter the saloon of Polly Pell with intention to burglarize it there can be no question. If this was his first offense, his punishment could not have been more than ten years in the penitentiary, but since he is an habitual criminal, and this was properly pleaded in the indictment, he came under section 1130, Kentucky Statutes, which says, "every person convicted . . . a third time for felony shall be confined in the penitentiary during his life," and the jury imposed upon him the only penalty provided by the statute.

The evidence sufficiently supports the verdict, and there appearing no prejudicial error, the judgment is affirmed.