## Reagan v. Commonwealth.

(Decided December 7, 1926.)

## Appeal from Jefferson Circuit Court (Criminal Division).

1. Burglary—Evidence of Defendant's Possession of Nitroglycerine Held Competent in Prosecution for Possession of Burglar's Tools (Kentucky Statutes, Section 1159).—In prosecution for possessing burglar's tools, evidence that defendant had bottle of nitroglycerine on jeweler's premises held competent to explain purpose for which other burglar's tools were intended, despite former ruling that nitroglycerine was not burglar's tool under Kentucky Statutes, section 1159.

2. Burglary—Maximum Sentence for Possession of Burglar's Tools Held Not Excessive or Indicative of Passion or Prejudice, in view of Overwhelming Proof of Guilt.—That jury fixed maximum sentence provided by statute for possession of burglar's tools held to afford no grounds for conclusion that punishment was excessive or was result of prejudice or passion by jury; evidence having overwhelmingly established defendant's guilt.

DAVID SESSMER and CLEM W. HUGGINS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellant was convicted in the criminal branch of the Jefferson circuit court of having burglar's tools in his possession and sentenced to 10 years' confinement in the penitentiary. He appeals.

Albert Grall, a manufacturing jeweler, has his place of business on the second floor of the Tyler building in Louisville. Windows of his store room overlook and are only slightly higher than the flat roof of an adjoining or perhaps part of same building. About 1:30 o'clock at night on March 3, 1925, the night watchman employed by Mr. Grall made his round, went through the storeroom, opened one of the windows and went on to the roof to register his round on the burglar alarm located on the roof. Hearing footsteps he brought his flashlight into play and discovered appellant on the roof with a pistol in one hand and a bottle in the other. Arresting him,

police officers were called and appellant was searched. In addition to the articles mentioned they found on his person and on the roof where he was captured a hammer, a ratchet drill, a steel punch, several chisels, a "jimmy," some absorbent cotton, a quantity of soap, a flashlight, an extra flashlight battery and some copper wire. When he observed that the night watchman was handling rather carelessly the bottle which he had had and was about to drop it on to the floor with the other things, appellant immediately called to him not to do so, and in explanation stated that it contained "soup" or nitroglycerine. It was also discovered that one of the several windows overlooking the roof had been raised before the night watchman interfered. These facts were testified to by the night watchman and the several police officers who answered his call and took part in the search of appellant and the roof where he had been operating. He did not testify and offered no evidence for himself.

The sole ground urged for appellant for a reversal of the judgment is that the trial court erred in permitting incompetent and prejudicial evidence to be introduced. Relying upon this court's opinion in Black v. Commonwealth, 171 Ky. 280, 188 S. W. 362, where it was held that nitroglycerine is not a burglar's tool within the meaning of section 1159, Kentucky Statutes, which makes it unlawful to have or possess burglar's tools with the intent to use them burglariously, appellant insists that it was incompetent and prejudicial to admit the evidence that on the occasion in question he had nitroglycerine in his possession. It might be sufficient to say in response that no objection to the questioned evidence was offered for appellant, no ruling of the court thereon was made, and no exception taken. Waiving that question, the court is clearly of the opinion that under the facts of this case it was competent to prove that appellant, among the other things mentioned, also had in his possession a quantity of nitroglycerine. The evidence discloses that the jeweler had locked in safes in his storeroom approximately $30,000.00 worth of jewelry. It is within common knowledge that one of the methods most commonly used by burglars in gaining access to valuables contained in safes is to blow their doors open with nitroglycerine; and that in the process they use cotton and soap to seal the cracks around the doors to hold the nitroglycerine in place and

to increase the force of the explosion. Under the circumstances of this case, the fact that appellant had nitroglycerine in his possession strongly tended to establish that the tools in his possession, all of which may be used for other and legitimate purposes, were being used by him for burglarious purposes. It is true that the only evidence that the liquid in the bottle was nitroglycerine was appellant had stated that it was. However, he voluntarily made the statement that it was nitroglycerine and that he had manufactured it himself.

The evidence overwhelmingly established that appellant was guilty of the offense charged in the indictment. While the jury fixed the maximum punishment provided by the statute, that affords no evidence or grounds for the conclusion that the punishment inflicted is excessive or reflects prejudice or passion upon the part of the jury that tried appellant. Under the facts we can not understand how appellant is in position to ask either sympathy or leniency from any of our governmental agencies charged with the administration and enforcement of our criminal laws. The punishment inflicted seems to have been well merited.

For the reasons indicated, the judgment herein is affirmed.