## Lambert v. Commonwealth.

(Decided May 13, 1927.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1.  Criminal Law.—In prosecution for possessing tools used by burglars with intent to use them burglariously, under Ky. Stats., section 1159, evidence of burglaries committed by defendant held admissible to show intent to use tools burglariously, notwithstanding general rule that proof of other offenses is incompetent.
2.  Criminal Law.—In prosecution for possessing tools used by burglars with intention to use them burglariously, under Ky. Stats., section 1159, evidence held sufficient to take case to jury as against contention that testimony of accomplice was not corroborated.
3.  Criminal Law.—In prosecution for possessing tools used by burglars with intent to use them burglariously, under Ky. Stats., section 1159, opening statement that proof would show commission of burglaries and that defendant was burglar held proper, since such proof was admissible to show intent to use tools burglariously.

4. Criminal Law.—In prosecution for possessing burglars' tools, argument that crime wave in Chicago was such that citizens of Louisville should "protect themselves from this defendant" held not improper.

DAVID SESSMER for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Robert Lambert, was indicted in the Jefferson circuit court, charged with having in his possession tools and implements used by burglars with the intention of using them burglariously, a crime denounced by section 1159, Kentucky Statutes. On a trial he was found guilty and his punishment fixed at confinement in the state penitentiary for a period of ten years.

As grounds for reversal, he urges that the court erred in admitting incompetent evidence and in overruling his motion for a directed verdict, and that the commonwealth's attorney made improper remarks in his opening statement and concluding argument to the jury.

The appellant was dismissed from the Atlanta Penitentiary on December 25, 1925, and lived for a time in Lexington, Ky., and then went to Louisville, where he rented a room from Robert Turner. Other rooms in the same building were occupied by Robert Turner and wife, Turner's daughter, and W. O. Hise and wife. Turner testified that on one occasion he went into appellant's room and found him in possession of a suit case, which was open, in which was a pinch bar, hammer, wrench, screwdriver, cotton, fuse, and a bottle that contained nitroglycerin. Turner is an ex-convict, and claiming that he did not wish to get into further trouble, he ordered Lambert out of the house. Lambert refused to go, and Turner reported the matter to the police department. Lambert was arrested and a sawed-off shotgun was found in his room, also a suit case containing a pistol and flash light. The tools heretofore enumerated were found under a bathtub in a room near the one occupied by appellant and to which he had access. Three witnesses, who occupied rooms in the building, testified that they had seen the appellant in possession of these articles on a number of occasions.

W. O. Hise testified that on March 2, 1926, at the suggestion of appellant, he hired a U-Drive-It cr and went with appellant to Cecilia, a town near Elizabethtown, Ky., and there forced an entrance into a building owned by M. A. Cooper, broke upon a safe by the use of nitroglycerin, and procured $27 in money. Appellant on this trip had with him the shotgun, pistol, and flash light found in his room and the pinch bar and other tools found in the adjoining room when he was arrested. According to the witness they stopped on the road between Elizabethtown and Cecilia and removed the hub cap from the wheel of the automobile, it being the one on which the mileage was registered. J. C. Brown, a resident of Cecilia, testified that he passed a car on the road at the time and place stated by Hise and saw two men, whom he identified as Hise and the appellant, removing the hub cap. The commonwealth also introduced evidence to the effect that a burglary had been committed in New Albany, Ind., on January 4, 1926, and among other articles, a sawed-off shotgun and watch had been stolen. The owners of these articles identified the sawed-off shotgun and watch found in the possession of appellant as being their property.

Appellant insists that all of the evidence relative to these two burglaries was incompetent and should not have been admitted. The general rule is that proof of the commission by the defendant of offenses other than the one for which he is being tried is incompetent, but there are certain exceptions to the rule; one being where it is necessary to show particular criminal intent in the person on trial. Clary v. Commonwealth, 163 Ky. 48, 173 S. W. 171; Moore v. Commonwealth, 188 Ky. 505, 222 S. W. 934; McQueen v. Commonwealth, 196 Ky. 227, 244 S. W. 681 To constitute the crime denounced by section 1159, Kentucky Statutes, for which appellant was being tried, one must not only have in his possession tools, implements, and other things used by burglars, but he must have them in his possession with the intention of using them burglariously. The fact that he has so used them is proof of the intent for which he has them in his possession. In Commonwealth v. Day, 138 Mass. 186, defendants were indicted charged with having in their possession tools used by burglars with intent to use them in committing burglary, and evidence was introduced tending to prove that burglaries had been committed by them on two occasions before the time of the offense for which

they were on trial, and, in holding the evidence compe-
tent, the court said:

"So evidence that the defendants had twice used
the same or similar tools and implements in the com-
mission of burglaries, once ten days and once about
five months before the time of the offense for which
they were on trial, was competent to show the know-
ledge and purpose alleged in the indictment and
necessary to be proved."

The rule announced in that case was approved in
Commonwealth v. Johnson, 199 Mass. 55, 85 N. E. 188.

We conclude that the evidence complained of was
competent under the exception to the general rule per-
mitting proof of other crimes to be admitted to prove in-
tent. The trial court very properly admonished the jury
that this evidence should not be considered by them as
substantive proof of the crime for which defendant was
being tried, but only as tending to show criminal intent,
if it did tend to show such intent.

Appellant's claim that his motion for a directed
verdict should have been sustained is apparently based
on the theory that the witness Hise was an accomplice,
and that his testimony was not corroborated. A refer-
ence to the stated facts, however, will disclose that his
testimony was amply corroborated, both as to possession
of the tools and the intention of appellant to use them
burglariously. A number of witnesses testified that the
tools belonged to appellant and that they were in his pos-
session in his suit case. Hise's statement that he and
appellant engaged in a burglary at Cecilia is corrobo-
rated by the witness, J. C. Brown, who stated that he
saw the two in the vicinity of Cecilia when they were
taking the hub cap off the wheel of the Drive-It-Yourself
car, and also by the witness Cooper, who testified that his
mill was burglarized on the occasion claimed by Hise.
A watch and sawed-off shotgun, which were taken from
the place which was burglarized at New Albany, Ind.,
were found in the possession of appellant.

Appellant finally insists that the attorney for the
commonwealth made improper remarks in his opening
statement and concluding argument to the jury. In his
opening statement he said:

"This defendant, gentlemen of the jury, is a
dangerous burglar, and had committed other crimes
besides the one for which he is being tried. The evi-

dence will show that this defendant is a burglar and show that the tools which he had in his possession at the time of his arrest were intended to be used as burglar tools. We propose to show that he had committed the crime of safe-blowing a few days before he was arrested in order to show the intent for which he had the tools in his possession."

And in his closing argument, the attorney for the commonwealth said:

"The crime wave in the city of Chicago was such that the citizens of Louisville should protect themselves from this defendant."

Ordinarily it would be improper for the attorney for the commonwealth, in a statement of the case, to comment on the character of the witnesses who may or may not be introduced, but, in view of what we have said relative to the competency of proof as to other crimes than the one for which defendant was being tried in order to show his criminal intent, the statements made by the attorney for the commonwealth were entirely proper, and in making the complained of statement in the closing argument to the jury he did not overstep the bounds of proper argument.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.