# Burley v. Commonwealth.

(Decided November 25, 1930.)

EDW. W. BENSINGER, JR., and BENSINGER, BROWN & LEMAIRE for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS VEST for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

The appellant, John Burley, was convicted in the Jefferson circuit court under an indictment accusing him of the offense of having in his possession tools and implements used by burglars for house breaking with the felonious intention of so using them, which is denounced by section 1159 of the 1930 Edition of Carroll's Kentucky Statutes, and the verdict punished him by confinement in the penitentiary for two years. From that verdict and the judgment pronounced thereon he prosecutes this appeal, urging through his counsel as grounds for reversal, (1) that under the evidence the court should have instructed the jury to acquit him, but, if mistaken in that, then (2) that the verdict is flagrantly against the evidence; and which two grounds will be disposed of together, since they involve the one question of the sufficiency of the evidence to sustain the charge made in the indictment.

The substance of the commonwealth's testimony was, as given by three policemen, that at about 1:30 a. m., September 9, 1929, near the intersection of Second and Broadway streets in the city of Louisville, appellant was seen by them at the front of a restaurant on Second street, apparently engaged in trying to unlock its front door, or in some manner to effect an entrance therein; that, after discovering the officers, he sat down on a box near the door and threw something behind it, whereupon the witnesses approached him and asked what he was

doing at that place at that hour of the night, when he answered that he had an appointment with his wife to meet him at the corner of Second and Broadway and that he was waiting for her, although that location was about 150 feet from such junction. The officers picked up the package behind the box upon which appellant was sitting, and it contained burglar's tools with a bunch of keys such as usually fit ordinary door locks. When the officers were so informed by defendant of his excuse as to why he was there, they proposed to go in search of his wife, presumptively for the purpose of contradicting his excuse, or to fortify it as the case might turn out to be if the wife was found; whereupon defendant said there was no use for such an effort, since it was untrue and that he was engaged in trying to effect an entrance to the restaurant.

At his trial he denied all of that testimony except the fact that he was so found at that location by the officers, and he stated that he told them that he was waiting to meet a girl at that point with whom he had an engagement, but he denied any effort to effect an entrance into the restaurant, or that he put anything behind the box upon which he was sitting. He proved by a girl by the name of Preston that she did have an engagement to meet him, not at the restaurant, but at the corner of Second and Broadway at 1 a. m. on that night, but that she was detained and failed to meet her engagement. The above is, in substance, the testimony of the commonwealth, without any express testimony or circumstantial fact to contradict it, except that given by the defendant, himself, which was, in substance, as stated above.

In view of the testimony in the record as so outlined, it is impossible for us to discover any foundation for either of the only two contentions made for a reversal of the judgment. Indeed, if the numerical number of the witnesses were reversed, and there was only one testifying to the facts proven by the commonwealth, and that one was contradicted by three other witnesses including the defendant, we would then, under numerous opinions of this court, not be authorized to reverse the judgment upon either of the grounds contended for. But the condition of the testimony being the exact reverse of the supposed case, it is increasingly difficult to discover any grounds to sustain such contentions, and, they being the

only ones presented to us by this appeal, and there being none discoverable by us from a close reading of the record, it results that the appeal is entirely without merit.

Wherefore the judgment is affirmed.