**James Sonny NASH, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 29, 1954.

Rodes K. Myers, Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STEWART, Chief Justice.

There is only one question raised in this appeal and that is whether appellant's plea of guilty to the indictment precluded the necessity of introducing evidence under the Habitual Criminal Act, KRS 431.190, which reads:

"Any person convicted a second time of felony shall be confined in the penitentiary not less than double the time of the sentence under the first conviction; if convicted a third time of felony, he shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty unless the jury finds, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state."

The indictment referred to first sets out the felony with which appellant is presently charged, namely, storehouse breaking. See KRS 433.190. The second and third counts of the indictment allege the facts concerning appellant's convictions of felony on April 10, 1951, and again on April 7, 1949, both times in Taylor County. The indictment stated judgment was entered on the verdict in each instance, Nash was sentenced to serve one year in the penitentiary in each case, and each judgment has since remained in full force and effect. The criminal order book wherein each judgment was placed of record was also given. When appellant was arraigned in the lower court, and after the indictment was read, he was asked whether he was guilty or not guilty as charged and he replied that he was guilty but added he did not have an attorney and was unable to employ one. Thereupon, the court stayed the trial and appointed an attorney to represent appellant and they subsequently conferred. Later, the court, on advice of appellant's attorney, accepted the plea of guilty and called for a jury to fix the punishment. The jury was impaneled and sworn, and after the indictment was read and the jury informed of the plea of guilty, they received written instructions to find Nash guilty and fix his punishment at confinement in the penitentiary for life. This was in conformity with KRS 431.190. They retired and shortly thereafter returned the following verdict in open court:

"We the jury find the defendant guilty and fix his punishment of confinement in the penitentiary for life."

Appellant contends that by virtue of KRS 431.190 a verdict shall not be given and a judgment entered for the increased penalty unless the jury find from the record and other competent evidence the fact of a former conviction of felony committed by the accused. There is nothing in this record to indicate the jury considered any sort of previous evidence. There was no effort to introduce any court records of the two former convictions, nor did the Commonwealth call the circuit clerk as a witness to prove these records.

Appellant argues his position is supported by Blair v. Commonwealth, 171 Ky. 319, 188 S.W. 390; Green v. Commonwealth, 213 Ky. 323, 280 S.W. 1094; and Dunnington v. Commonwealth, 231 Ky. 327, 21 S.W. 2d 471. All these cases concern the evidence required to sustain a conviction under KRS 431.190. However, they can be distinguished from the one at bar, because in each of those cases the defendant had entered a plea of not guilty and an issue was raised which necessitated the presentation of competent evidence to establish the habitual criminal charge.

The Commonwealth takes the position that where the accused pleads guilty to the indictment he admits the truth of the entire indictment and it is not incumbent

upon the Commonwealth to prove any of the former convictions alleged in the indictment any more than it is necessary to prove the crime for which the accused is presently indicted. We agree. In Anderson v. Commonwealth, 176 Ky. 373, 195 S.W. 794, three former convictions of felony were alleged in the indictment and Anderson admitted when being tried for the immediate offense of having in his possession burglars' tools that he had also been convicted previously of three felonies. It was there decided it was unnecessary for the Commonwealth to introduce evidence of the fact of the prior convictions and that the jury was warranted in finding Anderson to be an habitual criminal on his own admission in this respect. . We conclude that case is determinative of the one at bar.

Wherefore, the judgment is affirmed.