Preston LLOYD, Petitioner,

v.

William L. JONES, Warden, Kentucky
State Penitentiary, Respondent.

Civ. A. No. 1178.

United States District Court
W. D. Kentucky,
at Paducah.

March 27, 1961.

Preston Lloyd, pro se.

William L. Jones, John B. Breckinridge, Atty. Gen. of Kentucky, for respondent.

SHELBOURNE, District Judge.

February 9, 1961, the petitioner Preston Lloyd, who is presently confined in the Kentucky State Penitentiary at Eddyville, Kentucky, filed his petition for a writ of habeas corpus.

By an order of the Court dated February 9, 1961, the respondent, Warden of Kentucky State Penitentiary, and the Attorney General of the Commonwealth of Kentucky were directed to show cause why the writ of habeas corpus should not issue. The order permitted the petitioner to proceed in this Court in forma pauperis, the proper affidavit having been filed with the petition.

February 17, 1961, the Attorney General filed a motion to dismiss the petition alleging that the petition did not contain a statement of facts sufficient to warrant the relief sought.

It is alleged in the petition that the petitioner was tried in the Circuit Court of Russell County at Jamestown, Kentucky, on June 13, 1957, for the offense of forgery and was indicted under the provisions of the Kentucky Habitual Criminal Law, KRS 431.190. The statute provides, in substance, that if a person is convicted a third time for felony he shall be confined in the penitentiary during his life. The statute requires that the jury trying the case find from the "record and other competent evidence" the fact of former convictions alleged in the indictment and committed by the prisoner. It is claimed in the petition that the judgment of conviction is void because the jury was not required to find from the "record and other competent evidence" the fact of the former convictions and that, therefore, the court lacked jurisdiction to pronounce the sentence.

In his motion to dismiss, the Attorney General alleged that the petitioner entered a plea of guilty to the indictment charging the offense of forgery and the former convictions. The opinion of the Kentucky Court of Appeals in Lloyd v. Jones, Ky., 339 S.W.2d 479, shows that the plea of guilty was entered by the petitioner Lloyd to the indictment which properly charged the previous convictions.

The plea of guilty by the petitioner obviated the necessity of proof in support of the allegations of the indictment. Nash v. Commonwealth, Ky., 272 S.W.2d 464.

It is ordered that the petition be and same hereby is denied and dismissed.