**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Fernando Vicinte MARGANON et al.,
Appellees.**

Court of Appeals of Kentucky.

Sept. 20, 1963.

John B. Breckinridge, Atty. Gen., Bowling Green, Joe Nagle, Asst. Atty. Gen., Frankfort, for appellant.

Joseph R. Huddleston, Bowling Green, for appellees.

MONTGOMERY, Judge.

An indictment under KRS 433.120(2) against Fernando Vicinte Marganon, Arthur MacBride, and Danny Leroy Caldwell, was dismissed as failing to state an offense under the statute. The Commonwealth seeks a certification of the law.

The statute provides:

"Any person who has possession of any tools, implements or other things used by burglars for housebreaking, forcing doors, windows, locks or buildings or other places where goods, wares, merchandise or money is kept, with the intention of using them burglariously shall be confined in the penitentiary for

not less than two nor more than ten years."

The indictment charged the possession of "tools and implements used by burglars for forcing locks to places where goods, wares, merchandise, and money is kept, to-wit: One brake adjusting tool, two tire irons, one screw driver, one knife, the type that is used for picking locks as the end has been filed and honed down, and that said defendants possessed same with the intention to use them burglariously and that at the time and place they had the intention to force a lock on a place where goods, wares, merchandise, and money was kept, to-wit: A Royal Crown Cola soft-drink vending machine located just outside the building of Basham's Marathon Service Station * * *."

The language of the indictment follows the language of the statute. Apparently the basis for holding the indictment defective was that the lock to be forced was on a vending machine located outside of a building. The question is whether by the use of the words "burglars" and "burglariously" in the statute it was intended to restrict its application to possession of tools with the intent to commit common law burglary.

The language of the statute indicates a broader intent by the Legislature. It expressly condemns the possession of tools for the unlawful entry into "other places," as well as for housebreaking, forcing doors, windows, locks, or buildings. The use of the phrase "or buildings or other places" indicates a statutory intent to include all buildings or places where goods, wares, merchandise, or money is kept, instead of limiting the operation of the statute to dwelling houses. Such construction is necessary to give meaning to these words. As such, it is sufficient to include a vending machine outside of a building.

Similar interpretations have been made. In Commonwealth v. Riley, 192 Ky. 153, 232 S.W. 630, tools for extracting and stealing whiskey from barrels in a warehouse were condemned under this statute. In Burch v. Commonwealth, 240 Ky. 519, 42 S.W.2d 714, a conviction of possession of nitroglycerin for cracking a safe in a store building was upheld. See also Johnson v. Commonwealth, 240 Ky. 123, 41 S. W.2d 913; Commonwealth v. Tilley, 306 Mass. 412, 28 N.E.2d 245, 129 A.L.R. 381 (auto trunk); Sanchez v. People, 142 Colo. 58, 349 P.2d 561, 78 A.L.R.2d 775 (telephone booth).

The proper interpretation of the statute is that possession of tools with intent to break unlawfully into any "places where goods, wares, merchandise or money is kept" is a violation.

The law is so certified.