George **LYNN** and Johnny Paul **Lynn**, Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 18, 1966.

**640**

Louis V. Mangrum, Mayfield, for appellants.

Robert Matthews, Atty. Gen., Joseph Eckert, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

George Lynn and Johnny Paul Lynn appeal from a judgment of the Graves Circuit Court imposing upon each of them a five-year prison sentence pursuant to a verdict finding them guilty of possession of burglary tools with the intention of using them burglariously, KRS 433.120. Previously the two Lynns, together with one Ben Ray Taylor, were convicted in the Calloway Circuit Court of storehouse breaking, committed a few hours before their arrest on the burglary-tool charge. The Calloway judgment was affirmed by this court in Taylor v. Commonwealth, Ky., 394 S.W.2d 895.

The appellants' first contention is that their objections to the admission of evidence as to the discovery of burglary tools in their car should have been sustained because the discovery was by an illegal search. This same contention was made on the appeal from the judgment in the storehouse-breaking case, and what was said in our opinion in that case, 394 S.W. 2d 895, 896, is an adequate answer here.

After the appellants were arrested their car was searched and a pistol was found on the floor under the right front seat; also a box of mechanics' tools was found in the trunk. In his opening statement at the trial the Commonwealth's attorney mentioned the finding of the pistol and the tools, and said that the tools had been identified as those stolen from a filling station around a week before the night the appellants were arrested. The appellants argue that the references to the pistol and the box of tools were improper and prejudicial and that their objections should have been sustained. In our opinion the references were proper because evidence as to the pistol and the stolen tools was admissible to show that there was a burglarious intent in the possession of the wrecking bars which the arresting officers saw on the floor of the appellants' car and which were charged as being burglary

tools. See Reagan v. Commonwealth, 217 Ky. 81, 288 S.W. 1025; Lambert v. Commonwealth, 219 Ky. 806, 294 S.W. 466; Fennen v. Commonwealth, 240 Ky. 530, 42 S.W.2d 744; Quarles v. Commonwealth, Ky., 245 S.W.2d 947.

The appellants contend that the trial court erred in refusing to send a special bailiff to bring in a witness who had not responded to subpoena, or in not granting a continuance because of the absence of that witness. We think there was no error because (1) the appellants did not cause the subpoena to be issued until the night before the trial; (2) the court ruled favorably on the appellants' motion (which appeared to have been in the alternative to a continuance) that the testimony of the witness given at the trial in Calloway County be read as his testimony on the instant trial; and (3) the testimony of the witness as read was not helpful to the appellants' case and there was no showing that had the witness appeared in person his testimony would have been any more helpful.

Appellants' final contention is that numerous prejudicial comments were made by the Commonwealth's attorney in his closing argument. Only two of the comments require any discussion (the others were innocuous). One comment was, " * * * twelve good men in Calloway County said they were guilty—and we are not trying them for breaking and entering that place." This reference to the jury verdict in the storehouse-breaking trial in Calloway County clearly would have to be considered improper and prejudicial were it not for the fact that the appellants, in their own testimony, had brought out the fact of their conviction in Calloway County. Since they chose to put the conviction in evidence they cannot complain of the reference to it in the closing argument.

The other questionable comment was to the effect that the Commonwealth had not introduced Ben Ray Taylor as a witness because later at the same term of court, with the same jury panel, he was to be tried on a bank robbery charge and the Commonwealth did not want to prejudice him in the bank robbery case by presenting him as a witness in the instant case. This of course was improper but it cannot be considered prejudicial because the appellants throughout the trial undertook to point the finger at Taylor as the real culprit (they being his innocent dupes); anything that made Taylor, individually, look bad was not harmful to their defense.

The trial court ruled that the appellants' counsel must put in writing his objections to the closing argument. Under RCr 9.22 we think oral objections are sufficient; however, no prejudice is shown to have resulted here from the requirement of written objections.

The judgment is affirmed.