## Burch v. Commonwealth.

(Decided October 16, 1931.)

**520**

SMITH & REYNOLDS for appellant.

J. W. CAMMACK, Attorney General, and BASIL P. COOPER for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On April 7, 1931, the grand jury of Fayette county returned an indictment against Tom Alford and appellant, C. H. Burch, charging them with the crime of attempting to open a safe with explosives. On the same day the grand jury returned an indictment against them charging them with the crime of having burglar's tools in their possession. They were put on trial under the first indictment and convicted. From the judgment sentencing them to confinement in the penitentiary for a period of twenty years they appealed, and that judgment was affirmed in an opinion this day delivered. — Ky. —, 42 S. W. (2d) —.

On his separate trial under the second indictment, appellant was convicted and sentenced to serve ten years in the penitentiary. On this appeal he urges two grounds for a reversal of the judgment: (1) The indictment

should have been set aside because of the presence of a stenographer in the grand jury room while the grand jury was investigating the charge; (2) his plea of former jeopardy should have been sustained.

The first ground relied on has been disposed of adversely to appellant's contention in the case of Alford and Burch v. Commonwealth, this day decided. Prior to March 21, 1931, Tom Alford, Virgil Alford, Russell Rose, and appellant formed a plan to rob the J. D. Purcell Company's store in Lexington, Ky. Before the plan was consummated, Ernest Thompson, chief of police, was informed of the plan. He had Rose brought before him, and the latter agreed to continue his negotiations with his companions and to keep the chief of police informed as to their plans and movements. Acting upon information from Rose, Thompson and four policemen concealed themselves on the third floor of the Purcell Company's store on the night of March 21. At about 11 o'clock on that night, appellant, Rose, and the two Alfords appeared on the third floor of the Purcell Company's building; they had forced the night watchman to accompany them. After the night watchman's hands and feet had been tied with wire and rope, and it was apparent that appellant and his companions were in the act of carrying out their plan to open the safe, which was located on this floor of the building, the lights were switched on and they were commanded to surrender. Several shots were fired. The preponderance of the evidence tends to show that the first shot was fired by one of the Alfords, but this is denied by appellant and Tom Alford. Virgil Alford was killed, and Rose and the night watchman were wounded.

On the floor near the place where appellant and the Alfords were standing were found a number of tools commonly used by burglars, including a pinch bar, wrench, automobile spring, punches, and a large hammer. Several pistols also were found on the floor with the tools. When Burch was searched, a bottle of nitroglycerin, a fuse, soap, and some caps were found on his person.

The question presented on this appeal is: Was appellant's conviction on the first indictment a bar to the prosecution under the second indictment? The first indictment under which appellant was tried and convicted charged a violation of section 1159a, Kentucky Statutes, which reads in part: "Any person or persons . . . who shall, by means of explosives or any other

force, unlawfully open or attempt to open, any safe belonging to or used by any person, firm, bank, or corportion or company in which is kept money, notes, securities, books or any other thing of value, shall be guilty of a felony." The second indictment charged a violation of section 1159 of the Kentucky Statutes, which reads in part:

> "If any person shall have or keep in his possession any tools, implements, or other things used by burglars for housebreaking, forcing doors, windows, locks, or buildings, or other places where goods, wares, or merchandise or money is kept, with the intention of using said tools or implements burglariously, shall be confined in the penitentiary not less than two nor more than ten years."

It is insisted for appellant that the offenses charged in the two indictments arose out of the same transaction, and that the charge of attempting to open a safe with explosives necessarily included the charge of having burglar's tools in his possession, and that, having been tried and convicted of the greater offense, he cannot be tried for the lesser. Section 13 of our Constitution provides that, "No person shall, for the same offense, be twice put in jeopardy of his life or limb." Practically all the other states have similar constitutional provisions. Such constitutional provisions, however, are merely declaratory of the common-law rule.

In Commonwealth v. Ladusaw, 226 Ky. 386, 10 S. W. (2d) 1089, 1090, the following was stated as the test in determining whether or not the defendant has been placed in jeopardy:

> "If the defendant could have been convicted under the first indictment for the lower crime, he was placed in jeopardy when that trial began. But if he could not be convicted under that indictment for the lower crime, he was not placed in jeopardy when that trial began, and not having been placed in jeopardy there, that proceeding is no bar under the Constitution to the second proceeding."

The crime denounced by section 1159 is not a lower degree of the crime denounced by section 1159a, and, on a prosecution for the crime of attempting to open a safe with explosives, a conviction may not be had for possessing burglar's tools. To have burglar's tools in one's possession with the intent to use them burglariously is

one offense; to attempt to open a safe with explosives is another offense. In the instant case the evidence clearly established that appellant and his companions had burglar's tools with the intent to use them burglariously, and it was shown that he had theretofore been convicted of the crime of attempting to open a safe with explosives, which crime was committed while he had burglar's tools, for which he was also indicted. It does not follow because the evidence was substantially the same on the two trials that the offenses are the same or that one is a degree of the other. On the trial under the first indictment, evidence that on the occasion in question the accused had burglar's tools in his possession was admissible to show the intent with which he entered the building, and with which he was acting when he was arrested. On the trial under the second indictment, evidence as to the intent with which he entered the building, and that he had nitroglycerin in his possession, was admissible to show that he possessed the burglar's tools with the intent to use them burglariously. Reagan v. Commonwealth, 217 Ky. 81, 288 S. W. 1025.

The Legislature, moreover, may create two or more offenses which may be committed by a single act, and a conviction or acquittal under either statute will be no bar to a conviction under the other. 8 R. C. L., p. 149, sec. 135. By sections 1159 and 1159a, the Legislature has created two separate and distinct offenses, and a defendant may be convicted of each offense, although both offenses arose out of the same transaction. On the trial under the first indictment the jury could not have returned a verdict finding the appellant guilty of possessing burglar's tools.

We conclude that the plea of former jeopardy was properly overruled.

Judgment affirmed.

## Alford v. Commonwealth.

(Decided October 16, 1931.)

SMITH & REYNOLDS for appellant.

J. W. CAMMACK, Attorney General, and BASIL P. COOPER for appellee.