Roy Elmer WHITE, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

Aug. 30, 1985.

Michael A. Wright, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Eileen Walsh, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, REYNOLDS and WILHOIT, JJ.

COMBS, Judge.

This is an appeal from the judgment of the Fayette Circuit Court, convicting appellant of possession of marijuana, trafficking in cocaine, and of being a first-degree persistent felony offender.

Appellant attacks his conviction on two grounds. First, appellant contends that the prosecutor's closing remarks were so prejudicial and highly improper that they deprived him of due process of law. Appellant complains of the following statement:

Well, there is a lesson to be learned, and it is going to be learned not only by Mr. White and Ms. Davis, but by all the friends who frequent that drug house down there who will find out about it. (TE 304).

■ The problem with appellant's position is that his objection to the prosecutor's remark was sustained at trial and he sought no further relief from the court. "If an objection is made *after* the error complained of has occurred, it is incumbent upon the objector to ask for such *remedial* relief as he desires." *Ferguson v. Commonwealth*, Ky., 512 S.W.2d 501, 504 (1974). [Emphasis in original]. Appellant received the relief requested at trial, so his claim of error has no merit. *Bell v. Commonwealth*, Ky., 473 S.W.2d 820 (1971).

■ In any event, we do not think the prosecutor's statement was so improper and prejudicial that it deprived appellant of due process of law. A prosecutor is allowed reasonable latitude in argument to persuade the jurors that the matter should not be dealt with lightly. *Lynem v. Commonwealth*, Ky., 565 S.W.2d 141 (1978).

■ We also note that the hard evidence of appellant's guilt was overwhelming. Appellant was arrested in his own home following a search executed pursuant to a valid warrant. The arresting officers recovered 14 grams of cocaine, marijuana, spoons, razor blades, papers, hemostats, test tubes, vials, pipes, inositol (used to dilute and "cut" cocaine), other agents used to "free-base" cocaine, a triple beam scale (used to weigh various drugs), a pouch containing a mirror and a vial of white powder, and 652 dollars in cash. In view of the evidence, we do not think appellant was denied due process of law.

■ Appellant also argues that he received ineffective assistance of counsel at trial because his attorney admitted appellant's guilt on the PFO charge during the second phase of the trial. Appellant did not attack his counsel's performance by way of an RCr 11.42 motion in the trial court, but instead raises the issue of ineffective assistance of counsel for the first time on this appeal.

We need not reach the merits of appellant's position because appellant has directed his ineffectiveness claim to the wrong court. Our courts have consistently held that the issue of ineffective assistance of counsel must be raised at the trial level by means of a post-trial motion for it to be considered on appeal. *Wilson v. Commonwealth*, Ky., 601 S.W.2d 280 (1980). Until the trial court considers and rejects appellant's claim of ineffective assistance, there is no error for appellate review. *Id.* at 284.

The judgment of the Fayette Circuit Court is affirmed.

All concur.