Sarita **BROOKS**, Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

No. 94–SC–383–MR.

Supreme Court of Kentucky.

Sept. 21, 1995.

Ernesto Scorsone, Lexington, for appellant.

Chris Gorman, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Brooks of three counts of trafficking in a controlled substance, first degree, one count of criminal syndicate and as a persistent felony offender in the second degree. She received a sentence of ten years on each of the three counts of trafficking in a controlled substance and ten years for one count of criminal syndicate. The sentences were enhanced on each of the four charges to twenty years. She pled guilty to welfare fraud and failure to file a state income tax return. Her total sentence was 81 years in prison.

The issues presented are whether the trial judge committed reversible error when he allowed the case to be considered on the basis of both trafficking in cocaine and criminal syndicate convictions because they both arose from a single course of conduct and whether it was reversible error to enhance the drug sentences under the persistent felony offender statute, KRS 532.080, because the sentences were assessed under KRS 218A.990 and not KRS 532.050, which latter statute is used to trigger the PFO statute.

In 1993, Brooks was among eleven individuals who were indicted on a variety of charges including trafficking in controlled substances, criminal syndicate, welfare fraud, failure to file state income tax and persistent felony offender charges. Brooks and her four codefendants, Smith, Dishman, Ed-

monds and Michael Ross, were tried together. All were convicted of various charges, but Ross's case is pending before the Court of Appeals. The arrest and trial of the defendants were the result of a two-year investigation of a group known as the "First Family," and its activities in the illegal drug trade. The principal evidence was presented by a police informant, undercover police officers and the sister of one of the defendants.

The charges against Brooks were based on four so-called "controlled buys" by a police informant who was equipped with an audio recorder and given cash to purchase cocaine. The fifth occasion was arranged by police as a "buy-bust" where there was an arrest of the parties involved at the scene. The first purchase occurred on April 24, 1992 at Lynhurst Apartments in Fayette County. The second buy was on December 15, 1992 at 162 St. Margaret Drive in Fayette County. The third buy took place on February 4, 1993 at the St. Margaret Drive address. The fourth buy was on May 20, 1993, also at St. Margaret Drive. The final purchase of cocaine was called a "buy-bust" and occurred in Oakwood Park in Fayette County.

The "buy bust" took place on August 20, 1993. An undercover detective met Smith in Lexington, but he sought to move the transaction to a Lexington apartment complex. When the informant refused, arrangements were made with a woman named "Karen" for the buy to take place at a small Lexington park. Afterwards, the informant and undercover detective and Smith drove to the park where the police arrested Smith and Karen Burdell Wilson. The police seized over seven ounces of cocaine and found $4,500 in the trunk of Wilson's car.

Acting on information from Wilson, who stated that she knew the source of the cocaine, the police obtained a search warrant for 116 Hanley Lane, Apartment 6, in Frankfort, Kentucky. According to Wilson, this unit was rented by Brooks at the time the search warrant was executed. Cocaine, crack cocaine and marihuana and other evidence of drug trafficking were seized and

several people including Brooks, Dishman and Edmonds were arrested.

At trial, John G. Bentley, Jr. testified that he was in the "First Family" along with Brooks, Dishman, Ross, Wilson and Smith. Codefendant Smith testified and admitted that he had purchased cocaine from the informant on August 20, 1993, but denied that he or the others were a part of an organized crime syndicate. Brooks and codefendants, Dishman and Edmonds, were arrested during a search of her apartment that same day. Karen Burdell Wilson testified that she was Brooks' sister and knew the organization referred to itself as the "First Family." She identified members of the organization as Brooks, Virgil Young, John Bentley, Michael A. Ross, Karen Dishman, Shadrick Edmonds and Vandree Smith. She stated that she was also a member of the "First Family." Wilson detailed the operations of the crack cocaine manufacture that occurred in her apartment at 162 St. Margaret Drive in Lexington. She testified that she saw large amounts of cash and cocaine in the possession of all the individual members of the "First Family" and that she saw drug transactions take place at the St. Margaret Drive address. According to Wilson, Brooks was the head of the "First Family" and codefendant Karen Dishman was the second in command with Vandree Smith as third in rank.

Brooks pled guilty to criminal attempt to commit welfare fraud and one count of failure to file a state income tax return on April 8, 1994. On May 5, 1994, Brooks was sentenced to a total of 81 years in prison for the remaining charges. This appeal followed.

## I Double Jeopardy

■ Brooks' first argument is based on an objection on double jeopardy grounds to the jury instruction on criminal syndicate. She claimed that the cocaine trafficking charges were lesser included offenses of the criminal syndicate charge and that the trial judge permitted the Commonwealth to seek and obtain multiple convictions for the same criminal episode. Brooks contends that the

proper relief in this case is to vacate the so-called lesser included offenses, the three counts of cocaine trafficking.

Considering the facts of this case, Brooks was not placed in double jeopardy as a result of her conviction for both cocaine trafficking and criminal syndicate. The three counts of cocaine trafficking were not "lesser included offenses" of the crime of criminal syndicate.

There is no double jeopardy violation because the statutory crimes of trafficking in a controlled substance and criminal syndicate each require proof of facts which the other does not. There was sufficient evidence to prove Brooks guilty of criminal syndicate independent of the evidence which was introduced to demonstrate that she engaged in cocaine trafficking on three different occasions. Criminal syndicate and cocaine trafficking were not factually a single offense or part of a single criminal episode. They did not constitute a single act or single impulse as denounced in *Ingram v. Commonwealth*, Ky., 801 S.W.2d 321 (1990) or *Commonwealth v. Grubb*, Ky., 862 S.W.2d 883 (1993).

■ The Kentucky Constitution in Section 13 and the Federal Constitution in the Fifth Amendment protect against double jeopardy. The current state of the law is expressed in *Walden v. Commonwealth*, Ky., 805 S.W.2d 102 (1991), which held that the Kentucky Constitution provides "protection against multiple punishment for crimes which are factually a single offense," whether in the context of successive prosecutions or the same trial. Prosecution for two crimes does not constitute double jeopardy if each statutory offense requires proof of a fact which the other does not, and if to establish an essential element of one crime, the prosecution does not prove conduct that constitutes the second offense. *Walden, supra; Ingram, supra.*

■ An overlap of proof does not necessarily establish a double jeopardy violation. *See United States v. Felix*, 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). The correct test is whether the separately charged crimes are factually a single offense.

The trafficking on April 24, 1992 was established by evidence from both the police informant and another individual as to the exchange of cocaine and money with Brooks. The conviction for trafficking on May 20, 1993 resulted from the testimony of the informant that the transaction occurred at the St. Margaret Drive residence. The third cocaine trafficking conviction resulted from the testimony about an August 20, 1993 buy and was established by Vandree Smith's statements to the informant and the detective and by testimony from the defendant's sister.

The evidence indicated that cocaine sales were conducted from April 24, 1992 through August 20, 1993 at the St. Margaret Drive residence in Lexington where purchases of cocaine were made directly or by purchasers being sent to other locations where cocaine could be obtained. There was evidence that Brooks was the head of the "First Family" and that she lived on St. Margaret Drive.

The evidence showed that Brooks collaborated with codefendants Dishman and Smith on the second controlled buy which occurred on December 15, 1992. Wilson, Brooks' sister, testified that she saw drug transactions involving both large and small amounts of cocaine occur at St. Margaret Drive where she lived with Brooks. There was evidence as to the membership of the so-called "First Family." The proof at trial demonstrated a considerable amount of income and a variety of cash expenditures for furniture and vehicle rentals. The evidence established the efforts by Brooks to organize and participate in the "First Family" so as to promote and engage in cocaine trafficking on a continuing basis in violation of KRS 506.120. The evidence of her specific acts of cocaine trafficking from April 24, 1992 through August 20, 1993 were not necessary to support the criminal syndicate charge under KRS 506.120.

■ The conviction of Brooks for both cocaine trafficking and criminal syndicate did not result in the imposition of multiple punishments arising from a single episode as condemned in *Grubb, supra.* It is entirely

permissible to use the trafficking violation as an element of proof of the criminal syndicate charge. It is no double jeopardy violation to use evidence of trafficking as a part of the criminal syndicate proof.

## II Persistent Felony Offender

■ The second allegation of error is that the sentences for three counts of first-degree trafficking were improperly enhanced. Brooks claims that because she was convicted pursuant to KRS Chapter 218A her sentence could not be enhanced by applying KRS 532.080. She maintains that her sentence is controlled by 218A.990. We disagree.

The indictment indicates that Brooks was charged and convicted pursuant to KRS 218A.1412. KRS 218A.990, which formerly dealt with penalties, was repealed effective July 14, 1992. KRS 218A.1412, enacted in 1992, and effective July 14, 1992, applies to the crimes charged herein.

Brooks was also convicted of being a second-degree persistent felony offender pursuant to KRS 532.080 which permits an enhanced sentence of imprisonment. The sentence of Brooks for first-degree trafficking in a controlled substance under KRS 218A.1412 was correctly enhanced pursuant to KRS 532.080 because of her conviction as a second-degree persistent felony offender. *Berry v. Commonwealth*, Ky., 782 S.W.2d 625 (1990), is not applicable.

The judgment of conviction is affirmed.

STEPHENS, C.J., and FUQUA, LAMBERT, LEIBSON and REYNOLDS, JJ., concur.

STUMBO, J., concurs in result only.