Roger Dale SHELTON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 94–CA–2104–MR.

Court of Appeals of Kentucky.

June 14, 1996.

Rehearing Denied Aug. 23, 1996.

Discretionary Review
Denied by Supreme Court Sept. 18, 1996.

Roger Dale Shelton, Marion Adjustment Center, Saint Mary, for Appellant.

Chris Gorman, Attorney General, Laura H. Early, Assistant Attorney General, Frankfort, for Appellee.

Before COMBS, JOHNSON and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from the order entered by the Daviess Circuit Court denying the appellant's motion to vacate his sentence made pursuant to RCr 11.42.

On November 5, 1991, the appellant was indicted by the Daviess County Grand Jury for the crimes of trafficking in a controlled substance, cocaine, subsequent offense; trafficking in a controlled substance, methamphetamine, subsequent offense; carrying a concealed deadly weapon; and being a persistent felony offender in the first degree. The appellant entered a plea of guilty to the amended charges of trafficking in cocaine and trafficking in methamphetamine, subsequent offense. The charges arose out of his simultaneous possession of cocaine and meth-

amphetamine. The Commonwealth recommended that the appellant be sentenced to two terms of ten years' imprisonment to be served consecutively. The trial court entered a judgment and sentence consistent with the plea and recommendation on August 7, 1992.

The appellant filed a pro se motion to vacate under RCr 11.42 on July 23, 1993, alleging that he was denied the effective assistance of counsel. Particularly, he asserted that his counsel failed to challenge the indictment on double jeopardy grounds, failed to properly investigate the chain of custody of the drugs involved, and failed to raise the defense of entrapment. Following the Commonwealth's response, the appellant moved to disqualify the Commonwealth's attorney and to strike the Commonwealth's response, arguing that the attorney harbored a personal bias against him. Thereafter, the appellant was assigned counsel to assist him in his RCr 11.42 motion. He supplemented the original motion, submitting that his plea was not given voluntarily and knowingly. The trial court denied the appellant's motion without an evidentiary hearing, and this appeal followed.

■ The appellant reiterates many of the same arguments made at the trial court with the addition of other allegations of error. To the extent his arguments to this court differ from those presented in the circuit court, we will not address them. *See White v. Commonwealth,* Ky.App., 695 S.W.2d 438 (1985).

■ In order to be successful in an ineffective assistance of counsel claim, the appellant must establish

(1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance as the counsel was not performing as counsel guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense by so seriously affecting the process that there is a reasonable probability that the defendant would not have pled guilty, and the outcome would have been different.

*Centers v. Commonwealth,* Ky.App., 799 S.W.2d 51, 55 (1990), *citing Strickland v.*

*Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant contends that his trial counsel's performance "fell outside the wide range of professionally competent assistance" when his counsel failed to raise the double jeopardy issue. He submits that his being charged with both trafficking in cocaine and trafficking in methamphetamine subjected him to double jeopardy in violation of § 13 of the Kentucky Constitution, as both charges arose out of the same transaction. He maintains that his guilty plea was based on his understanding that he was facing two offenses which were punishable separately.

■ The proscriptions against double jeopardy found in the Fifth Amendment to the United States Constitution and § 13 of the Kentucky Constitution serve two distinct purposes. The first is to protect an accused from being prosecuted for an offense after he has been acquitted or convicted of that offense. The second is to prohibit multiple punishments for the same offense. *See Ingram v. Commonwealth,* Ky., 801 S.W.2d 321 (1990); *Jordan v. Commonwealth,* Ky., 703 S.W.2d 870 (1985). It is this latter aspect of double jeopardy which concerns us, and more specifically, when a single act or transaction constitutes more than one punishable offense. In recent years, this aspect of the law of double jeopardy, insofar as § 13 of our constitution is involved, has been in a state of flux. For this reason, a rather lengthy analysis of case law is required to resolve this case.

The watershed case addressing this aspect of double jeopardy for federal purposes is *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Adhering to the traditional common law rule, the *Blockburger* court defined the rule in this oft-cited passage:

The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182 (citation omitted). The prohibition against

double jeopardy found in Kentucky's constitution had traditionally been interpreted in the same way as was done in *Blockburger*. *See Williams v. Commonwealth*, 78 Ky. 93 (1879); *Newton v. Commonwealth*, 198 Ky. 707, 249 S.W. 1017 (1923); *Burch v. Commonwealth*, 240 Ky. 519, 42 S.W.2d 714 (1931). The *Burch* court held that § 13 of our constitution was "merely declaratory of the common law rule." *Burch*, 42 S.W.2d at 715; *see also Rogers v. Commonwealth*, 257 Ky. 495, 78 S.W.2d 340 (1935).

Perhaps the clearest summary of the law as it was formerly thought to be under Kentucky's constitution is found in *Newton v. Commonwealth:*

> Among the many rules that have been formulated by this court and others to assist in determining whether or not one or more prosecutions may be based upon a single act or transaction, one often approved by this court is that the Commonwealth may not split a single act or transaction into two or more separate offenses, but where the single criminal act or transaction is sufficient of itself to prove more than one offense, an election must be made and a conviction or acquittal upon one charge is a bar to another prosecution based solely upon the same act or transaction.
>
> *But this rule is not applicable where a single act is common to two offenses, but each contains additional elements not common to the other.*

*Newton*, 249 S.W. at 1017–18 (emphasis added) (citation omitted). With respect to a successive prosecution for a separate offense arising out of the same conduct, however, the court reiterated the rule that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution bars the second. *Id.*

In 1975, KRS 505.020 became effective. That statute provides that when a single course of conduct establishes more than one offense, a defendant may be prosecuted for each offense unless one offense is included in the other. It enumerates four instances in which an offense is considered to be included in a charged offense. One of these instances occurs when an offense "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." KRS 505.020(2)(a).

In 1983, the Kentucky Supreme Court was confronted with the multiple punishment double jeopardy issue in *Hamilton v. Commonwealth*, Ky., 659 S.W.2d 201 (1983). In that case, the defendant was charged with both incest and rape for having sexual relations with his 10–year–old daughter. The statutory facts necessary to establish the crime of rape under KRS 510.040 were (1) sexual intercourse, (2) with an individual under the age of twelve. The statutory facts necessary to establish incest under KRS 530.020 were (1) sexual intercourse, (2) with a member of one's family known by the defendant to be such.

The court, purporting to rely upon the *Blockburger* decision, upheld the defendant's conviction for rape but reversed his conviction for incest. It concluded that it could not "merely look at the statute standing alone. The [*Blockburger*] test must be applied subjectively." *Hamilton*, 659 S.W.2d at 202. In making its determination, the court stated as follows:

> When we view the present case, we find that the proof utilized to convict the appellant of rape was that he had sexual intercourse with a ten-year-old child, who was, in actuality, his daughter. The only additional fact—the relationship of father/daughter—was required in the incest charge. Thus, in a sense, the additional fact was not present in "each" case, as required by *Blockburger*, but in only one case.

*Id.* This interpretation of *Blockburger* seems to require that each charge be based upon different "actual" facts as opposed to different statutorily required facts, since it is plain that sexual intercourse with a child under twelve and incest each require proof of a statutory fact not required by the other. Nowhere did this opinion mention § 13 of our constitution, relying instead on federal cases dealing with successive prosecutions.

The next year in *Polk v. Commonwealth*, Ky., 679 S.W.2d 231 (1984), the court again

addressed the double jeopardy issue. This case involved a single course of conduct by the defendant resulting in her conviction of first-degree assault, requiring proof that she intentionally caused (1) by means of a deadly weapon or dangerous instrument, (2) the serious physical injury of another, and of first-degree burglary which required proof of (1) the burglary of a dwelling, (2) while armed with explosives or a deadly weapon, and (3) causing physical injury to a nonparticipant, or with the use or threatened use of a dangerous instrument. In affirming conviction for both offenses, the court defined the appropriate inquiry as "whether in each offense there are additional acts of criminal misconduct which are unnecessary to the commission of the other offense." *Polk*, 679 S.W.2d at 231. The court clarified that statement by recognizing that it is the statutory elements or statutory facts to be proved under the relevant statutes which are the focus of the double jeopardy inquiry under *Blockburger* and KRS 505.020 rather than the actual evidence presented at trial. It went on to state that KRS 505.020 is simply a codification of the *Blockburger* holding for determining when a single course of conduct establishes more than one offense.

In *Jordan v. Commonwealth*, 703 S.W.2d 870, the court discussed the double jeopardy proscription in the context of a prosecution for both burglary and robbery arising out of the same course of conduct. The *Jordan* court once again cited the *Blockburger* rule as defining the law as it applies in Kentucky, noting that "the Fifth Amendment of the United States Constitution and § 13 of the Kentucky Constitution are identical in the import of their prohibition against double jeopardy." *Jordan*, 703 S.W.2d at 872. The *Blockburger* rule, as it governed prosecution either for more than one offense arising out of a single act or transaction or for a continuing course of conduct, was cited with approval.

In affirming both convictions in *Jordan*, the court again relied upon the differences between the statutory elements required to prove each crime. Specifically, the court summarized its approach as follows:

The key which unlocks the doors of this proffered dilemma is that all the charges herein were contained in a single indictment and disposed of at a single trial. Under these circumstances, the entire factual history of the continuing course of conduct is presented to the jury and, if that chronicle contains the elements necessary for separate statutory crimes, the reality that many of the constituent parts which compose the severable wholes are the same does not destroy that severability under the label of double jeopardy. In these circumstances, there is no overreaching, no enhancement of punishment, no harassment—merely a single prosecution for separate statutory crimes.

*Jordan*, 703 S.W.2d at 873.

In 1987, despite a plea of double jeopardy, the Kentucky Supreme Court affirmed a defendant's convictions on two counts of trafficking in a controlled substance. *Kroth v. Commonwealth*, Ky., 737 S.W.2d 680 (1987). The court relied upon the fact that the defendant had in his possession with intent to sell both Schedule III drugs, as defined in KRS 218A.080, and Schedule IV drugs, as defined in KRS 218A.100. It held that no double jeopardy violation existed because the appellant's possession of these drugs constituted a violation of separate statutory provisions. Though no particular authority was cited, it would appear that the court sought to apply the traditional *Blockburger* rationale. The court clearly did not apply the broader "single act, single crime" approach that had been used in practice in *Hamilton v. Commonwealth*, as Kroth had committed only one act, the possession of different drugs at the same time.

In *Wager v. Commonwealth*, Ky., 751 S.W.2d 28 (1988), the *Blockburger* rule and KRS 508.020 were again applied to affirm a conviction for both second-degree assault and first-degree rape arising out of a single incident.

In 1990, however, a different course of constitutional interpretation was embarked upon in *Ingram v. Commonwealth*, 801 S.W.2d at 326. The defendant in *Ingram* had been convicted of selling marijuana to a minor, in violation of KRS 218A.990(5), and

of trafficking in marijuana within one thousand yards of a school, in violation of KRS 218A.990(16), as the result of a single sale of two marijuana cigarettes. He received a five-year sentence for each offense to be served consecutively. The court affirmed the defendant's conviction and sentence under KRS 218A.990(5) but reversed his conviction under KRS 218A.990(16), concluding that § 13 of the Kentucky Constitution provides a defendant broader protection than that afforded under *Blockburger* and KRS 505.020. *Jordan v. Commonwealth,* 703 S.W.2d 870, which held to the contrary, was neither overruled nor mentioned in *Ingram.*

In coming to its conclusion in *Ingram,* the court relied upon *Hamilton,* and further cited *Jones v. Commonwealth,* Ky., 756 S.W.2d 462 (1988), as persuasive:

> From *Milward, Kentucky Criminal Practice,* § 5.07 (1984):
>
>> Section 13 of the Kentucky Constitution, which prohibits an accused from being placed in double jeopardy for the same offense, prohibits the Commonwealth from carving out of one act or transaction two or more offenses.
>
> [*Jones,* 756 S.W.2d] at 463. Our interpretation of § 13:
>
>> The Commonwealth is permitted to carve out of a single criminal episode the most serious offense, but not to punish a single episode as multiple offenses.
>
> [*Jones*] at 463.

*Ingram,* 801 S.W.2d at 324. The quotation from Burton Milward, *Kentucky Criminal Practice* § 5.07 (1984) actually deals with statutorily included offenses in a single act rather than separate statutory offenses committed by a single act or transaction. The latter situation is covered in § 23.10 of the same treatise where the traditional rule is stated. The second quotation is based upon what appears to have been a misreading of *Blockburger* insofar as it discusses the difference between continuing conduct constituting one offense as opposed to a single act constituting two separate offenses.

Nevertheless, by taking a principle which previously had applied only to successive prosecutions, and one which previously had applied only to a single offense containing included offenses and mixing them with a principle governing when a continuing course of conduct may only be prosecuted as one offense, the *Ingram* court arrived at its novel interpretation of § 13 of the Constitution. The court wrote that it was presented with "a single impulse and a single act, having no compound consequences. By virtue of additional, circumstantial facts, the behavior was offensive to two criminal statutes." *Ingram,* 801 S.W.2d at 324. As a result, the defendant was held to have "committed but one offense," for which dual convictions were constitutionally impermissible. *Id.; see also Walden v. Commonwealth,* Ky., 805 S.W.2d 102 (1991).

Whether a single act constituting the commission of both the rape of and incest with the victim, as in *Hamilton,* 659 S.W.2d 201, might now be considered an act having "compound consequences" is not clear. Such an act would certainly have compound consequences for the victim. What does appear to be clear from *Ingram* is that a single act which violates more than one statute does not by that fact alone result in compound consequences.

*Commonwealth v. Grubb,* Ky., 862 S.W.2d 883 (1993), held that the defendant's conviction of trafficking in a Schedule II narcotic, Percodan, and trafficking in a Schedule II narcotic, Dilaudid, sold in a single transaction amounted to double jeopardy. The court ruled that

> [a] single sales transaction between the same principals at the same time and place which violates a single statutory provision does not justify conviction or a sentence for separate crimes, even though more than one item of a controlled substance (of the same schedule) is involved.

*Grubb,* 862 S.W.2d at 884.

Significantly, as pointed out in Justice Leibson's separate concurring opinion, the court did not overrule *Kroth v. Commonwealth,* 737 S.W.2d 680, but stated as follows:

> We have determined that it may be justifiable, as in *Kroth, supra,* to impose separate punishments for the possession of different classes (schedules) of drugs on the ground that different items clearly present

different threats to society. For example, KRS 218A.990 so provides as to the attendant penalties. A single act, under circumstances not found herein, could, however, threaten compound consequences.

*Grubb,* 862 S.W.2d at 885. This statement would seem to be at odds with *Ingram* and suggests a return to the traditional rule of double jeopardy if only as to cases involving controlled substances, assuming that is conceptually possible. In spite of the quandary presented by *Kroth* and *Grubb,* we believe that the Supreme Court is still committed to the rule it formulated in *Ingram. See, e.g., Brooks v. Commonwealth,* Ky., 905 S.W.2d 861 (1995). Because, in spite of *Kroth, Ingram* appears to have been the prevailing rule at the time of the appellant's guilty plea, he could not properly have been found guilty of two drug offenses. Counseling the appellant to plead guilty to two charges for which he could not be separately punished had he been found guilty by a jury constitutes performance falling "outside the wide range of professionally competent assistance." *Centers v. Commonwealth,* 799 S.W.2d at 55.

As to the appellant's remaining allegations of error, he has failed to present any factual basis upon which to find in his favor. The Daviess Circuit Court's findings and conclusions on these issues are affirmed. However, as to the appellant's claim of ineffective assistance of counsel for failing to advise him of the bar of double jeopardy, it appears that both the appellant's guilty plea and the plea bargain upon which his plea was based should be set aside. This case is remanded to that court for further proceedings and entry of an order in conformity with this opinion.

All concur.