RENDERED: JUNE 16, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1525-ME

WILLIAM A. JONES        APPELLANT

v.        APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE LIBBY G. MESSER, JUDGE
ACTION NO. 21-D-01282-002

HANNA KROSKIE        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: William Jones appeals from the Fayette Circuit Court's granting of an interpersonal protective order (IPO) in favor of Hanna Kroskie. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

Appellee alleged that on October 18, 2021, Appellant sexually assaulted her at a hotel. Appellant claimed no such assault occurred. At the time,

Appellant was the President of Georgetown College and Appellee was an employee of the college. Appellant and Appellee were at the hotel for a work-related event.

On November 1, 2021, Appellee petitioned for an IPO due to the alleged sexual assault and a temporary order of protection was entered. A hearing on the petition was then scheduled for November 10, 2021. The record is unclear as to why, but the hearing was postponed until April 20, 2022. The temporary protective order was to expire on May 1, 2022.

Prior to the April hearing, the parties agreed that neither would attend the hearing and that the temporary protective order would be allowed to expire. An agreed order was entered to this effect.

On April 28, 2022, Appellee filed another petition for an IPO. Another temporary protection order was entered and a hearing was set for May 11, 2022. At that hearing, the court discussed that the original IPO petition had expired. The court then scheduled a hearing for the new IPO petition for August 15, 2022. This date was later rescheduled.

A hearing finally occurred on October 31, 2022, and both Appellant and Appellee testified. Appellee testified to the events prior to the sexual assault and described the assault itself. Appellant testified that he could not remember everything that occurred the evening of the alleged assault because he had been

drinking; however, he was adamant that no sexual assault occurred. During the hearing, social media posts, text messages, and surveillance video were discussed. None of these were entered into evidence at that time; however, at the conclusion of the hearing, the court indicated it would allow the parties to submit these items into evidence and they would be considered. Ultimately, none of them were submitted into evidence.

The parties returned to court on November 17, 2022, for closing arguments. The court also orally announced that it was granting the IPO. That same day, the IPO was entered. The written order stated that the court believed Appellee was the more credible witness and the decision was based on her testimony. This appeal followed.

## ANALYSIS

Appellant raises multiple issues on appeal; however, the majority of them are unpreserved. Appellant argues that the second petition for IPO should have been dismissed based on *res judicata* and double jeopardy. He also argues that the trial judge intentionally falsified information on the court document which dismissed the first petition for IPO. Also, Appellant claims that the IPO hearing was not held in a timely manner. None of these issues were raised before the trial court; therefore, they are unpreserved. "The Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail*

*Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989); *see also Shelton v. Commonwealth*, 928 S.W.2d 817, 818 (Ky. App. 1996). "[E]rrors to be considered for appellate review must be precisely preserved and identified in the lower court." *Skaggs v. Assad, by and through Assad*, 712 S.W.2d 947, 950 (Ky. 1986) (citation omitted).

The only issue raised by Appellant which is ripe for our review is that the evidence was insufficient to grant the IPO.

Kentucky Revised Statute (KRS) 456.060(1) states that "[f]ollowing a hearing . . . , if a court finds by a preponderance of the evidence that dating violence and abuse, sexual assault, or stalking has occurred and may again occur, the court may issue an interpersonal protective order[.]" "The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of . . . violence." *Dunn v. Thacker*, 546 S.W.3d 576, 580 (Ky. App. 2018) (citation omitted).

> The family court's findings of fact will only be disturbed if clearly erroneous. [Kentucky Rules of Civil Procedure (CR)] 52.01[.] A finding of fact is clearly erroneous if it is not supported by substantial evidence. Substantial evidence is evidence, when taken alone or in light of all the evidence, which has sufficient probative value to induce conviction in the mind of a reasonable person. We review questions of law *de novo*.
>
> In our review of an IPO, the test is not whether we would have decided it differently, but whether the findings of the [family] judge were clearly erroneous or

that he abused his discretion. Abuse of discretion occurs when a court's decision is unreasonable, unfair, arbitrary or capricious. [W]e give much deference to a decision by the family court, but we cannot countenance actions that are arbitrary, capricious or unreasonable.

*Sewell v. Sweet*, 637 S.W.3d 330, 334 (Ky. App. 2021) (internal quotation marks and citations omitted).

In its role as factfinder, the trial court may necessarily have to consider the credibility of each witness. The trier of fact has the right to believe the evidence presented by one litigant in preference to another . . . [and] may believe any witness in whole or in part. The trier of fact may take into consideration all the circumstances of the case, including the credibility of the witness. On appeal, we are mindful of the trial court's opportunity to assess the credibility of each witness, and as such, we would only alter the court's findings if they were clearly erroneous.

*Id.* at 335 (internal quotation marks and citations omitted).

In the case at hand, we believe there was substantial evidence to support the trial court's conclusion that a sexual assault had occurred. The only evidence submitted to the court was the testimony of Appellant and Appellee. The trial court found Appellee's testimony to be the most credible and relied on that to enter its judgment. The trial court did not err.

The court also held that a sexual assault may occur again. Appellee testified that, although she was no longer working for Georgetown College, she was still afraid of Appellant. She also testified that Appellant had made social

media posts about her and she believed Appellant had become emboldened.[1]  This testimony supports the idea that an assault could occur again and the trial court specifically mentioned this testimony in its findings.  When announcing its findings orally after closing arguments, the court also considered the fact that there is ongoing contact between Appellant and Appellee.  While the court did not elaborate, we believe this was in reference to the multiple civil lawsuits that are ongoing and, at least partially, revolve around the alleged sexual assault.  The court's conclusion that an assault could happen again is not clearly erroneous in this case.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the circuit court.


ALL CONCUR.


BRIEF FOR APPELLANT:

Kyle T. Thompson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Cheryl U. Lewis
Hyden, Kentucky

---

[1] We note that the social media posts were not entered into evidence; therefore, we do not know the exact nature of the statements.