RENDERED: JULY 14, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0790-MR

BRADLEY WADE MCDANIELS             APPELLANT

v.        APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NOS. 19-CR-002309 AND 21-CR-002428

COMMONWEALTH OF KENTUCKY           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR,
JUDGES.

THOMPSON, CHIEF JUDGE: Bradley Wade McDaniels appeals from a

judgment and order sentencing him to ten years in prison. Appellant argues that he

should not have been charged as a persistent felony offender, that he was entitled

to a directed verdict on a charge of possession of a handgun by a convicted felon,

and that the trial court erred in allowing the Commonwealth to introduce a prior statement.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On July 6, 2019, Appellant was arrested by the Louisville Metro Police.  At the time, he was found to be in possession of a handgun.  The handgun had been modified and was utilizing a metal cylinder and Allen wrench as the cylinder pin.[1]  It was also being held together with a hair tie.  Upon discovering that Appellant was a convicted felon, Appellant was charged with being a felon in possession of a handgun.[2]  Appellant was later charged with being a persistent felony offender (PFO) in the first degree.[3]

A trial was held in March of 2022.  Louisville Metro Police officer Zachary Haley testified about arresting Appellant and finding the handgun.  He also described its unusual appearance and nonstandard parts.

Major Matthew Meagher also testified at trial.  He was in charge of the Forensic Investigations unit and he was the person to test fire the handgun.  He testified that he test fired the gun and it properly fired two bullets.  He did not recall anything about the unusual condition of the gun.

---

[1] The handgun was a revolver.

[2] Kentucky Revised Statutes (KRS) 527.040.

[3] KRS 532.080(3).

Stephen Hughes of the Kentucky State Police crime lab in Louisville also testified. He also performed an examination of the gun. He did recall the unusual aspects of the gun. Mr. Hughes test fired the gun twice. The first time, he replaced the metal tube and Allen wrench with a factory cylinder pin. The handgun functioned properly upon that test firing. Mr. Hughes then replaced the metal tube and Allen wrench, but because of the unusual parts, he only fired primer casings, also known as blanks. He testified that the gun properly fired the blanks. Mr. Hughes also testified that when he fired the gun with the nonstandard parts, he had to hold the handgun with both hands in order to keep the gun parts securely together.

Also of relevance to this appeal, during the trial the Commonwealth introduced a recorded statement made by Appellant during a pretrial conference. The statement was, "I had a gun your honor." Finally, the court read a stipulation into the record that Appellant had been convicted of a felony prior to being charged with possession of a handgun by a convicted felon. The stipulation did not identify the prior felony.

Appellant was eventually convicted by a jury of the handgun charge. During the penalty phase, the Commonwealth introduced the following prior felonies in order to establish the first-degree PFO enhancement: No. 15-CR-002200, escape in the second degree; and No. 17-CR-003656, two counts of

possession of drug paraphernalia with a firearm, escape in the second degree, tampering with a prisoner monitoring device, and assault in the third degree. As it regards the penalty phase jury instructions, the Commonwealth identified the two escape charges as the two prior felonies required to enhance Appellant's conviction using first-degree PFO. The jury found Appellant to be a persistent felony offender and he was sentenced to ten years in prison. This appeal followed.

## ANALYSIS

Appellant's first argument is that the trial court erred in allowing the Commonwealth to use the same prior felonies as an element to the handgun charge and the PFO enhancement. This issue was not preserved for appellate review; however, Appellant requests palpable error review pursuant to Kentucky Rules of Criminal Procedure (RCr) 10.26.

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

RCr 10.26. "[I]f upon consideration of the whole case the reviewing court does not conclude that a substantial possibility exists that the result would have been any different, the error complained of will be held to be nonprejudicial." *Jackson v. Commonwealth*, 717 S.W.2d 511, 513 (Ky. App. 1986) (citation omitted). "To discover manifest injustice, a reviewing court must plumb the depths of the

proceeding . . . to determine whether the defect in the proceeding was shocking or jurisprudentially intolerable." *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006).

Appellant is correct that the same prior felony conviction cannot be used to prove possession of a firearm by a convicted felon and also enhance that charge via PFO status. *Oro-Jimenez v. Commonwealth*, 412 S.W.3d 174, 179 (Ky. 2013). In other words, if a defendant has a single prior felony conviction, the prior conviction can be used to prove he was a felon in possession of a firearm, but it cannot also be used to prove PFO status.

In the case at hand, the parties stipulated to Appellant having a prior felony conviction; however, the stipulation did not identify that prior conviction. Appellant argues on appeal that the stipulation was a blanket stipulation that covered all of his previous felonies. Appellant claims that the Commonwealth used all of his previous felonies to prove the charge of felon in possession of a handgun; therefore, it cannot use any of those prior felonies to prove PFO status. In the alternative, Appellant argues that he could only be charged with PFO in the second-degree because all the prior felonies in No. 17-CR-003656 merged into one conviction.

We do not believe there was palpable error in this instance. First, we must determine how many felony convictions were available to the

Commonwealth to prove both the possession of a handgun by a convicted felon charge and the PFO enhancement. As it pertains to the PFO status, KRS 532.080(4) states:

> For the purpose of determining whether a person has two (2) or more previous felony convictions, two (2) or more convictions of crime for which that person served concurrent or uninterrupted consecutive terms of imprisonment shall be deemed to be only one (1) conviction, unless one (1) of the convictions was for an offense committed while that person was imprisoned.

In No. 17-CR-003656, Appellant had multiple felony convictions; however, he was sentenced to a concurrent term of imprisonment on those charges. This means that those charges could all merge into one single conviction. If that was the case, then Appellant would only have two felony convictions to use for purposes of PFO and one of those would be needed to prove the handgun charge. This would mean that Appellant could only be charged with second-degree PFO as he would only have one felony conviction available for the PFO enhancement.

Unfortunately for Appellant, one of the charges in No. 17-CR-003656 was for escape; therefore, according to KRS 532.080(4), that one conviction does not merge into the other felony convictions because it was committed while he was imprisoned. This means that the Commonwealth had three felony convictions to choose from, two escape convictions, and the rest of the No. 17-CR-003656 merged convictions.

Here, the Commonwealth specifically used the two escape convictions during the penalty phase to prove Appellant's first-degree PFO status. The rest of the No. 17-CR-003656 merged convictions were used for the handgun charge. While it might have been prudent for the Commonwealth to indicate during the guilt phase which prior felony conviction it was using as an element of the handgun charge, it was not necessary and was not palpable error. We also find no merit in Appellant's argument that the stipulation used during the guilt phase was a blanket stipulation that encompassed all prior felonies. Appellant had enough prior felony convictions to satisfy the possession of a handgun charge and the PFO enhancement.

Appellant's second argument on appeal is that the trial court erred when it denied his motion for a directed verdict of acquittal on the handgun charge. At the end of the Commonwealth's case, counsel for Appellant moved for a directed verdict and argued that the gun recovered from Appellant did not function properly with the nonstandard parts and was incapable of firing bullets. The trial court denied the motion finding that the Commonwealth put on sufficient evidence to make the issue one for the jury.

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on

the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). "A reviewing court does not reevaluate the proof because its only function is to consider the decision of the trial judge in light of the proof presented." *Id.* "Circumstantial evidence is sufficient to support a criminal conviction as long as the evidence taken as a whole shows that it was not clearly unreasonable for the jury to find guilt." *Bussell v. Commonwealth*, 882 S.W.2d 111, 114 (Ky. 1994) (citing *Trowel v. Commonwealth*, 550 S.W.2d 530 (Ky. 1977); *Benham*, 816 S.W.2d at 187).

The trial court did not err in denying Appellant's motion for a directed verdict. KRS 527.010(4) defines a firearm as "any weapon which will expel a projectile by the action of an explosive." KRS 527.010(5) defines handgun as "any pistol or revolver originally designed to be fired by the use of a single hand, or any other firearm originally designed to be fired by the use of a single hand."

Here, the Commonwealth put on the testimony of two experts who testified that the handgun was operational and could expel a bullet. While there

was an inference that the gun could not properly fire due to its use of nonstandard parts, that would be an issue for the jury to determine.

Appellant also argues that because Mr. Hughes testified he had to hold the gun with two hands in order to fire it, the firearm cannot be classified as a handgun as handguns have to be capable of being fired with one hand. This issue was not raised in the trial court; therefore, it is not preserved for our review. "The Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989); *see also Shelton v. Commonwealth*, 928 S.W.2d 817, 818 (Ky. App. 1996). "[E]rrors to be considered for appellate review must be precisely preserved and identified in the lower court." *Skaggs v. Assad, by and through Assad*, 712 S.W.2d 947, 950 (Ky. 1986) (citation omitted). Out of an abundance of caution, however, we will say that the definition of a handgun states that it had to be originally designed to be fired by only using one hand. Here, even though the handgun had been modified, it was originally designed to be used with one hand. That is sufficient to meet the handgun definition.

Appellant's third and final issue on appeal is that the trial court should have excluded a statement made by Appellant during a pretrial conference. Appellant stated, "I had a gun your honor." The pretrial conference was held during the COVID-19 pandemic; therefore, it was held telephonically. Appellant

was represented by counsel at the time, but they were not in the same room together. Prior to trial, Appellant moved to exclude the statement from evidence. Appellant claims that because counsel was only available telephonically, and not physically present with him, he was not properly represented by counsel and the statement should have been excluded. In other words, Appellant argues that had he and trial counsel been physically present together, trial counsel could have prevented Appellant from making the incriminating statement. The trial court denied the motion.

The proper standard for review of evidentiary rulings is abuse of discretion. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). We find no error. Appellant was represented by counsel during the conference. While in person representation may be favorable to telephonic representation, the conference was being held during the COVID-19 pandemic and accommodations had to be made to protect the health and safety of everyone involved in the case.

In addition, even if the statement should have been excluded, we believe any such error would be harmless.

> No error in either the admission or the exclusion of
> evidence and no error or defect in any ruling or order, or

in anything done or omitted by the court or by any of the parties, is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order unless it appears to the court that the denial of such relief would be inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties.

RCr 9.24. Appellant's possession of the handgun was without question. A police officer testified to finding Appellant in possession of the handgun and this was corroborated by body camera footage. There is no doubt that Appellant possessed this handgun and no evidence was presented to prove otherwise. Excluding the statement Appellant made during the pretrial conference would not have changed the outcome of this case.

## CONCLUSION

Based on the foregoing, we affirm Appellant's conviction.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael C. Lemke
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky