RENDERED:  OCTOBER 25, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1415-MR

ERIC LAMONT ADAMS                                             APPELLANT

v.         APPEAL FROM FAYETTE CIRCUIT COURT
           HONORABLE THOMAS L. TRAVIS, JUDGE
           ACTION NO. 22-CR-00978

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

THOMPSON, CHIEF JUDGE:  Eric Lamont Adams appeals from an order

denying his motion to suppress.  We find no error and affirm.

### FACTS AND PROCEDURAL HISTORY

On September 1, 2022, at 9:53 p.m., Officer Daniel Hempel of the

Lexington Police Department initiated a traffic stop after witnessing Appellant

enter into the wrong lane of traffic to pass multiple vehicles stopped at a stop sign.

After seeing Officer Hempel's emergency lights, Appellant pulled over into a

parking lot. He then exited his vehicle with his hands raised. Officer Hempel gave Appellant multiple orders to get back into his vehicle, but Appellant did not. Officer Hempel approached Appellant, patted him down for weapons, and took him to the front of the police cruiser. Officer Hempel also called for backup, which arrived three minutes after the traffic stop began.

Once backup had arrived, Officer Hempel got into his vehicle and began the usual traffic stop checks on the vehicle and Appellant. Officer Hempel was informed that Appellant had active arrest warrants. Officer Hempel then requested a confirmation of the warrants from dispatch. He also requested a drug dog come and perform a check around the vehicle. The dog arrived at 10:10 p.m. and began its check around the exterior of the vehicle. While the dog was performing the search, dispatch confirmed the warrants were valid. Also during the dog's search, Officer Hempel was in his vehicle completing the traffic stop paperwork.

The dog ultimately alerted to the vehicle. At that time, Appellant informed the officers that there was a handgun[1] in the car. The officers searched the car and found the gun. Officers also found a small amount of marijuana residue in the car, but Appellant was not charged with any crime related to it.

---

[1] The gun was later determined to have been stolen.

Appellant was arrested and charged with improper passing,[2] operating a vehicle with a suspended or revoked license,[3] being a convicted felon in possession of a handgun,[4] and receiving stolen property.[5] Appellant later moved to suppress the search of the car, arguing that the drug dog's search around the exterior of the car impermissibly extended the length of the stop. After a hearing in which Officer Hempel testified, the trial court denied the motion. Appellant later entered a conditional guilty plea reserving his right to appeal the suppression issue. This appeal followed.

## ANALYSIS

> A trial court's denial of a motion to suppress is reviewed under a two-prong test. First, we review the trial court's findings of fact under the clearly erroneous standard. Under this standard, the trial court's findings of fact will be conclusive if they are supported by substantial evidence. Second, we review de novo the trial court's application of the law to the facts.

*Rhoton v. Commonwealth*, 610 S.W.3d 273, 275-76 (Ky. 2020) (footnotes and citations omitted).

> Although an officer may detain a vehicle and its occupants in order to conduct an ordinary traffic stop, any subsequent detention . . . must not be excessively

---

[2] Kentucky Revised Statutes (KRS) 189.340.

[3] KRS 186.620(2).

[4] KRS 527.040.

[5] KRS 514.110.

intrusive in that the officer's actions must be reasonably related in scope to circumstances justifying the initial interference. Thus, an officer cannot detain a vehicle's occupants beyond completion of the purpose of the initial traffic stop unless something happened during the stop to cause the officer to have a reasonable and articulable suspicion that criminal activity [is] afoot. If the traffic stop is prolonged beyond the time required for the purpose of the stop, the subsequent discovery of contraband is the product of an unconstitutional seizure.

*Davis v. Commonwealth*, 484 S.W.3d 288, 292 (Ky. 2016) (internal quotation marks, footnotes, and citations omitted).

An officer's ordinary inquiries incident to a traffic stop do not impermissibly extend such stop. Included in such ordinary inquiries are an officer's review of the driver's information, auto insurance and registration, and the performance of criminal background checks of the driver and any passengers. In order to extend the stop beyond that required to complete its initial purpose, something must occur during the stop to create a "reasonable and articulable suspicion that criminal activity is afoot."

*Rhoton*, 610 S.W.3d at 276 (footnotes and citations omitted).

On appeal, Appellant argues that the length of the traffic stop was impermissibly prolonged when Officer Hempel patted Appellant down for weapons at the beginning of the stop. As the Commonwealth correctly points out, this issue is not preserved because it was not raised before the trial court. The only argument about the alleged prolonging of the stop was regarding the police dog. The dog search was also the only issue addressed by the trial court. "The Court of

Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989); *see also Shelton v. Commonwealth*, 928 S.W.2d 817, 818 (Ky. App. 1996). "[E]rrors to be considered for appellate review must be precisely preserved and identified in the lower court." *Skaggs v. Assad, by and through Assad*, 712 S.W.2d 947, 950 (Ky. 1986) (citation omitted).

Even if this issue had been properly preserved, we would conclude that this minimal extension of the stop was reasonable. "[O]fficers performing a traffic stop are 'authorized to take such steps as [are] reasonably necessary to protect their personal safety and to maintain their status quo.' *United States v. Hensley*, 469 U.S. 221, 235, 105 S. Ct. 675, 83 L. Ed. 2d 604 (1985)." *Carlisle v. Commonwealth*, 601 S.W.3d 168, 179 (Ky. 2020). "Traffic stops are especially fraught with danger to police officers, so an officer may need to take certain negligibly burdensome precautions in order to complete his mission safely." *Rodriguez v. United States*, 575 U.S. 348, 356, 135 S. Ct. 1609, 1616, 191 L. Ed. 2d 492 (2015) (citations omitted). Here, Appellant exited his car without permission from the officer and refused orders to get back into the vehicle. Officer Hempel's pat down of Appellant was reasonable under the circumstances.

Appellant's brief does not make an argument about the dog search of the vehicle; however, we will note that the dog's presence did not impermissibly

extend the stop. "As long as the sniff search is conducted during the course of a lawful traffic stop, including any lawful extensions of the traffic stop, the search is proper and does not violate the Fourth Amendment." *Davis*, 484 S.W.3d at 292 (citation omitted). The evidence in the record indicates that Officer Hempel was inside his vehicle and diligently filling out the traffic stop paperwork when the police dog arrived and conducted the sniff search.[6] Considering the dog's search happened simultaneously while Officer Hempel was working on the traffic stop citation, we conclude there was no unlawful extension of the stop. Furthermore, the case of *Rhoton*, *supra*, holds that the "discovery of an outstanding warrant as part of a traffic stop provides new probable cause for the resulting increased duration of such stop." *Rhoton*, 610 S.W.3d at 279. The confirmation of the validity of the warrants occurred during the dog's search; therefore, any extension of the traffic stop from that point forward was justified based on the warrants.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. The motion to suppress was properly denied in this case because the traffic stop was not impermissibly extended.

---

[6] The Commonwealth introduced into evidence Officer Hempel's body camera recording of the stop and it shows Officer Hempel in the car working on the citation during the dog's sniff search.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Erin Hoffman Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky